WARREN CREAMERY COMPANY ET AL. *v.* FARMERS
STATE BANK OF REDKEY.

[No. 11,497. Filed April 30, 1924.]

1. APPEAL.—*Review.—Sufficiency to Sustain Finding.—Evidence Considered.*—In reviewing the sufficiency of the evidence to sustain a finding or verdict, an appellate tribunal need only consider that most favorable to appellee. p. 455.

2. PRINCIPAL AND AGENT.—*Authority of Agent.—General Manager.—Presumption.*—A "general manager" who executes a note in furtherance of his employer's business is presumed to have authority to execute such note. p. 456.

3. PRINCIPAL AND AGENT.—*Authority of Agent.—Ratification by Principal.*—A ratification of the agent's act in signing his principal's name to a note as surety is shown where his prin-

cipal received and executed a chattel mortgage given to indemnify the surety, recorded it, and subsequently took possession of the mortgaged property, on default of the maker of the note. p. 456.

4. CORPORATIONS.—*Corporate Powers.—Ultra Vires.—Becoming Surety.*—A corporation organized under the law relative to "voluntary associations" is authorized to enter into any and all contracts, not otherwise void, which would reasonably tend to promote the business in which it is engaged, and becoming surety on a note given by one of its managers for the purchase price of a truck to be used by said manager in its business is not *ultra vires.* p. 457.

5. CORPORATIONS.—*Corporate Powers.—Ultra Vires.—When Defense Allowed.*—A defense of *ultra vires* will not be allowed to prevail when it would not promote justice, but, on the contrary, will accomplish a legal wrong, and is never entertained where it will injure innocent third persons. p. 457.

6. BILLS AND NOTES.—*Defenses Against.—"Holder in Due Course."—When Immaterial.*—Where the surety on a note has no valid defense against the payee, it is immaterial that the holder of the note is not a *bona fide* holder in due course. p. 459.

7. BILLS AND NOTES.—*Providing for Attorney's Fees.*—A promissory note providing that the makers waived "all benefit of exemption laws and all relief from stay of execution * * * and attorney's fees and all other cost of collection", *held* to show an intention that the makers thereof should be bound for the payment of attorney's fees. p. 460.

From Jay Circuit Court; *E. E. McGriff,* Judge.

Action by the Farmers State Bank of Redkey against the Warren Creamery Company and others. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ross D. Wheat, E. C. Vaughn* and *John F. Decker,* for appellants.

*James R. Fleming,* for appellee.

ENLOE, J.—This was an action by the appellee, based upon a promissory note against the Warren Creamery Company, hereinafter called the Creamery Company, and Ralph C. Green and Curtis B. Hoffman, all as makers of said note, and the Redkey Auto Company as

the endorser thereof. The Creamery Company filed answer in two paragraphs, the first being a general denial, and the second an affirmative paragraph in which it alleged that it was a corporation duly organized under the laws of the State of Indiana, and, as such, was engaged in the business of buying and selling milk, cream and butter-fat; that one Curtis B. Huffman, an employee of said company, without any authority in that behalf, wrote the name of said company on said note as one of the makers thereof, as surety thereon, etc. As the matters presented by this appeal relate only the judgment against said Creamery Company, the issues as to the other parties need not be herein set out.

The cause was tried by the court and resulted in a finding and judgment against said Creamery Company, as surety on said note, from which judgment, 1. this appeal is prosecuted. The only matters presented on this appeal as cause for reversal are: (a) that the decision is not supported by sufficient evidence; (b) is contrary to law; and (c) error in the assessment of the amount of the recovery. There is practically no dispute in the evidence, and in considering its sufficiency to support said decision, we need consider only that which is most favorable to the appellee.

The evidence, as set forth in the appellant's brief, tends, we may say, strongly, to establish the following facts, viz.: In January, 1920, one Curtis B. Huffman was the manager for the said Creamery Company at Warren, Indiana, said company being engaged in the business of buying milk, cream, butter fat, poultry and eggs; sometime in January, 1920, said Huffman met one Ralph C. Green, at Redkey, and spoke to him about taking employment with appellant company and operating a station for it at the town of Albany; he told Green that if he would procure a truck to use in his

business for them in his work of gathering up produce, the company would go on his note as surety for such truck; pursuant to this arrangement, Green bought the truck of the Redkey Auto Company and executed his note in payment therefor, with the name of Warren Creamery Company, signed thereto by said Huffman, as surety thereon, said note bearing date of January 27, 1920. On January 31, 1920, said Green, his wife joining therein, executed to appellant Creamery Company a chattel mortgage on said truck to indemnify it as such surety on said note; on February 9, 1920, the contract of employment between said Green and said Creamery Company was finally closed and said Green at once thereafter entered upon the duties of his said employment, by establishing a station of said company at Albany, and purchasing poultry, etc., as directed, paying for the same with checks of said company; he used said truck constantly thereafter in the business of his employer until in June or July, 1920, when said Creamery Company sold all of its business; the said chattel mortgage, after its execution, was at once sent by said Huffman to said Creamery Company, and by it retained until August, 1920, when, by virtue of the provisions thereof, it took said truck into its own possession, presumably for the purpose of protecting itself as against its liability on said note as surety thereon; the appellee became the owner of said note by purchase, in the regular course of business, within a few days after its execution.

It is first urged that the evidence is insufficient in that it fails to show any authority in the agent Huffman to sign said note.

There is evidence that Huffman was the "general manager" of the business of said Creamery Company, and, if said note was executed by him in furtherance of the business of his employer over

which he had charge, the law will presume his authority in that behalf. *Cleveland, etc., R. Co.* v. *Moore* (1907), 170 Ind. 328. If it be conceded that Huffman did not, in fact, have authority to sign the name of appellant to said note, as surety thereon, still the fact that the appellant received said chattel mortgage to indemnify it, had said mortgage duly recorded, and later took possession of said truck thereunder, is certainly sufficient to form the basis of a finding by the trial court that appellant company had fully ratified the act of Huffman in question.

It is next urged that the evidence is insufficient because it conclusively shows that Creamery Company was a corporation created under the law of the 4, 5. State of Indiana authorizing the incorporating of "Voluntary Associations," and that, therefore, as a matter of law, it had no authority to enter into any contract of suretyship, which, concededly was the nature of the contract in question. If we concede the proposition of law as above stated, and as contended to be true, as a general proposition, still, it is not necessarily of controlling influence in this case; it does not necessarily follow that the contract in the instant case was void as being *ultra vires*. The said company had authority to enter into any and all contracts, not otherwise void, which would reasonably tend to promote the business in which it was engaged. In this case it might have become the direct purchaser of the truck in question, for use in its business, and no one would question its right to make such a contract of purchase. Instead of becoming the direct purchaser, its "general manager", realizing that such truck was needed as an instrument to be used in advancing the business of said company, seems to have been of the opinion that it would be for the best interests of said company to have the trucks, or particularly the one in question, owned

458    APPELLATE COURT OF INDIANA,

Warren Creamery Co. *v.* Farmers State Bank—81 Ind. App. 453.

by the one who should drive it rather than to have such ownership in said company, and accordingly, as it would appear in this case, the company extended its credit to said employee, thereby enabling him to become the purchaser of the truck in question, for him to use and drive in the business of the said company.   It is plain that this is not a simple case of suretyship, where the surety derives no benefit from the transaction, for here, while the said company did not become the owner of said truck, and did not receive any part of the consideration for which said note was given, yet, it did receive a benefit from said transaction, in the matter of extending and promoting its business.   It has been expressly held that it is not *ultra vires* for a corporation to enter into a contract of suretyship where it does so in the legitimate furtherance of its business.   *Low* v. *Central, etc., R. Co.* (1877), 52 Cal. 53, 28 Am. Rep. 629; *Timm* v. *Grand Rapids Brewing Co.* (1910), 160 Mich. 371, 125 N. W. 357, 27 L. R. A. (N. S.) 186.   In the case last above cited, it was also held that the brewing company was estopped to allege that said contract was *ultra vires,* the said bond having been executed in the furtherance of its business, selling beer.   In the later cases on this matter, the rule has been frequently announced that the plea of *ultra vires* should not be allowed to prevail, whether interposed for or against a corporation, when it would not advance justice, but, on the contrary, will accomplish a legal wrong.   *Ohio, etc., Co.* v. *McCarthy* (1877), 96 U. S. 258, 24 L. Ed. 693; *Kadish* v. *Garden City, etc., Assn.* (1894), 151 Ill. 531, 38 N. E. 236, 42 Am. St. 256; *Wright* v. *Hughes* (1889), 119 Ind. 324, 12 Am. St. 412; *Nims* v. *Mount Herman Boys' School* (1893), 160 Mass. 177, 35 N. E. 776, 22 L. R. A. 364, 39 Am. St. 467; *Bank* v. *Trust Co.* (1905), 187 Mo. 494, 86 S. W. 109, 70 L. R. A. 79; *Leslie* v. *Lorillard*

(1888), 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456; *Bissell* v. *Michigan, etc., R. Co.* (1860), 22 N. Y. 258.

In *Wright* v. *Hughes, supra,* it was said: "It may be regarded as settled, that where general authority is given a corporation to engage in business, and there are no special restraints in its charter, it takes the power as a natural person enjoys it, with all its incidents and accessories; * * * Having received the full benefit of the contract, it would now be a glaring injustice to allow those representing the corporation to set it aside and retain the benefit by sustaining their contention that the loan was *ultra vires*. Especially as this doctrine only concerns the corporation in its relation with the state and with its stockholders, and is never entertained where it will injure innocent third persons. * * * Like natural persons, corporations must be held to the observance of the recognized principles of common honesty and good faith, and these principles render the doctrine of *ultra vires* unavailing when its application would accomplish an unjust end, or result in the perpetration of a legal fraud. After a corporation has received the fruits which grow out of the performance of an act *ultra vires,* and the mischief has all been accomplished, it comes with an ill grace then to assert its want of power to do the act or make the contract, in order to escape the performance of an obligation it has assumed."

It is also insisted that, upon the record in this case, the appellee is not a *bona fide* holder in due course, etc.

If the appellant has no valid defense as against the original payee of said note, the question raised as to the situation of appellee herein is of no conse-

6. quence. We have already determined that appellant is not in a position to assert either the want of authority in Huffman, its general manager, or

the want of power in appellant corporation to execute said note, and the question as to whether the appellee had notice, etc., as urged, therefore, in this case, becomes of no consequence.

It is finally insisted that there was error in the assessment of the amount of the recovery, the same being too large. It is urged that the court erred in 7. allowing attorneys fees on said note, for the reason, *as alleged by said appellant*, the note did not provide for such fees. With this contention, we cannot agree. The said note, while it is badly worded, clearly, to our minds, shows an intention that the makers thereof should be bound for the payment of attorney's fees.

We find no error in this record. Judgment affirmed.