GENERAL ICE AND COAL COMPANY ET AL. *v.* GEORGE, TRUSTEE, ET AL.

[No. 27,063. Filed May 24, 1938. Rehearing denied September 28, 1938.]

*George P. Rose, Oscar Thiel* and *Kenneth Parmalee,* for appellants.

*Louis H. George* and *Robert O. Graves,* for appellees.

SHAKE, J.—The record in this appeal does not contain the evidence, but from the general finding and judgment of the court below, the following facts appear: Appellee Louis H. George, as trustee for George D. Anthoulis, loaned $2,500 to Christ Chrison and the appellee Thomais Chrison, husband and wife, taking notes therefor secured by a second mortgage on real estate and a pledge of 70 shares of common stock of the appellant General Ice and Coal Company. The makers defaulted

in payment of the notes and they were reduced to judgment. Nothing was realized from the mortgage lien and executions against the judgment debtors were returned wholly unsatisfied. The pledged stock was offered for sale pursuant to notice, but the only bidder that appeared at the sale refused to purchase when she learned that the corporation had, in the meantime, been dissolved.

General Ice and Coal Company had outstanding 200 shares of common stock, of which appellee Vagenas and Christ Chrison owned 100 shares each, 70 of the shares belonging to Chrison having been pledged as aforesaid. After George, trustee, recovered his judgment on the notes, Christ Chrison and Vagenas, being directors and president and secretary, respectively, of General Ice and Coal Company, sold all of its assets to said Vagenas and the appellant Maglaras, without any consideration, and dissolved the corporation, all for the purpose of defrauding George and to render valueless the stock pledged to him. Appellee George thereupon brought this action in equity to set aside the alleged sale of the assets of the corporation to Vagenas and Maglaras, and for the appointment of a receiver.

The court found for the appellee George, trustee, and set aside the alleged sale of the corporate assets as to the appellant Maglaras. A receiver was appointed to take charge of the assets, but not to the exclusion of the appellee Vagenas. The receiver was further ordered to sell the undivided one-half of said assets claimed by Maglaras and to pay the proceeds thereof into court. The judgment further directed that after payment of the costs and expenses, 70% of the proceeds of the sale of one-half of the corporate assets, or so much thereof as might be necessary for that purpose, should be used to pay the judgment of the appellee George, trustee, against Christ and Thomais Chrison.

A number of errors are assigned and we shall not enu-

merate them here, but they will all be considered and discussed. The first error relied upon relates to ▮▮▮ the overruling of a motion to make the amended complaint more specific, presented by the appellant General Ice and Coal Company. Among the allegations of the amended complaint was one that on July 19, 1928, "the said Louis H. George, as Trustee, notified the defendant General Ice and Coal Company, that Christ Chrison had on that day pledged stock certificate number fourteen (14), for seventy shares, and had delivered the same to said Louis H. George, as Trustee, to be held by him as collateral security." The motion asked that plaintiff be required to allege whether the notice was in writing, the name of the officer upon whom it was served, and the manner of service. It also asked that facts be pleaded to support the conclusion to the effect that Christ and Thomais Chrison were insolvent; and that plaintiff be required to state when he discovered that the corporation had been dissolved and its assets sold. The motion was overruled and properly so. The allegations of notice and insolvency were statements of ultimate fact and plaintiff was not required to plead his evidence to sustain them. *Yawger & Co.* v. *Joseph* (1916), 184 Ind. 228, 108 N. E. 774; *Outing Kumfy-Kab Co.* v. *Ivey* (1920), 74 Ind. App. 286, 125 N. E. 234. In support of the claim that appellants were entitled to have the complaint state when plaintiff discovered that the corporation was dissolved and its assets transferred, it is contended that if that date was disclosed it might show plaintiff guilty of such laches as would estop him from maintaining the action. This point is not well taken. The action was brought within the statute of limitations. Under the allegations of the complaint and the findings of the court, the appellant Maglaras paid nothing for the property, and he was not an innocent party. The com-

plaint was sufficiently specific. *Voorhees* v. *Cragun* (1916), 61 Ind. App. 690, 112 N. E. 826.

Both appellants demurred to the amended complaint and Maglaras filed a separate motion to strike it out in its entirety. The grounds for these pleadings were the same, namely, that the alleged pledge of Chrison's stock to the plaintiff below was not valid or effective, and that the trustee had no such title thereto that would authorize him to maintain the action. The pledge in question recited that the certificate representing the shares of stock was placed in the trustee's hands as collateral and further security for certain described notes; that if the notes were paid the stock was to be returned, but if not, it might be sold to satisfy the debt. The instrument authorized the holder to cause the stock to be transferred on the books of the company and to sign Chrison's name on the certificate for that purpose. We are not called upon to determine whether the paper constituted an unqualified legal pledge. It certainly was sufficient to authorize the holder to maintain an action in equity against the officers of the corporation to prevent them from dissipating its assets and to set aside the fraudulent transfer of the same, especially when the rights of innocent parties had not intervened. The amended complaint stated a cause of action on that theory. 14 C. J. 739.

The appellant General Ice and Coal Company filed a plea in abatement to the action. The plaintiff moved to strike out parts of the plea, which motion was sustained. An exception was taken to this ruling, and it is assigned as an independent error. The record is silent as to the disposition of the plea in abatement. After parts of it were stricken out the coal company entered a full appearance to the cause, filed answers and submitted to a trial of the issues. The plea in abatement

must, under the record presented, be deemed to have been waived by the parties offering it, and any error in striking out parts thereof can not now be considered harmful. *Kimble* v. *Seal* (1883), 92 Ind. 276.

As has been pointed out, the theory of this action, as it appears from the pleadings and the findings and the judgment of the trial court, marks it as one brought by an equitable pledgee of common stock to set aside an alleged fraudulent disposition of the corporate assets and for the appointment of a receiver. Such a proceeding is one of equitable cognizance, triable by the court. There was no error in denying appellants' demand that the issues be submitted to a jury. *Towns* v. *Smith* (1888), 115 Ind. 480 16 N. E. 811; *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 103 N. E. 349.

Under the assignment that the court erred in overruling their motions for a new trial, the appellants say that the decision in the cause is contrary to law. The evidence is not in the record and this precludes us from considering this assignment. *Smith* v. *Biesiada* (1910), 174 Ind. 134, 90 N. E. 1009; *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193 N. E. 686.

The judgment is affirmed.