Proctor v. Heaton et al.

No. 13,056.

PROCTOR v. HEATON ET AL.

PROMISSORY NOTE.—*Consideration.* — *Settlement of Disputed Question.* — *Acquiescence.*—*Estoppel.*—*Administrator.*—The payee of a promissory note due in 1865 demanded that the renewal note should be payable in gold coin. The maker refused to execute a note so payable, and, in settlement of the dispute, a new note was executed for "two and a half times the debt." Various renewals of the latter note were made until 1879, when the maker refused to execute a renewal note, as he had previously done, including accrued interest, but the matter was finally settled by the maker executing nine notes. In 1883 the payee died, and the maker was appointed administrator of his estate and charged himself in his account current with the nine notes executed in 1879. In 1885 he filed a supplemental report, claiming a deduction from the amount of the nine notes, and asked that he be charged with the principal and interest of the original debt evidenced by the note maturing in 1865.

*Held*, that the maker is liable for the full amount of the nine notes, he not being in a position to question their consideration after such long acquiescence in the previous settlements.

From the Elkhart Circuit Court.

*J. M. Vanfleet, J. H. Baker, J. H. Defrees, Jr.,* and *F. E. Baker,* for appellant.

*H. D. Wilson* and *W. J. Davis,* for appellees.

ELLIOTT, J.—In 1865 the appellant was indebted to John Proctor for money borrowed of him, and the debt was evidenced by a promissory note. After the note had matured, John Proctor demanded that the appellant should either pay it or else execute a new note, payable in gold coin. The appellant refused to execute a note payable in coin, on the ground that it was still rising in value, and it was uncertain what value it would finally reach. After considerable time spent in negotiation, and after consultation by both parties with attorneys, it was ultimately agreed between them that John Proctor should surrender the note then held by him, and that the appellant should execute a new note for "two

and a half times the amount of his debt." Pursuant to this agreement, the old note was surrendered and a new note executed, payable one year from date. When this note became due it was renewed and a new note executed. Renewals of like character were made until January 1st, 1879, when the appellant refused to execute a note in renewal, as he had previously done, including accrued interest, putting his refusal upon the ground that the inclusion of accrued interest in the note was a compounding of interest. John Proctor, however, persisted in his demand for a note including the principal and accrued interest, and, on the 1st day of June, 1879, the parties " settled the matter " by John Proctor surrendering the note then held by him and accepting from the appellant nine promissory notes. On the 19th day of June, 1883, John Proctor died, and the appellant became the administrator of his estate. As such administrator he filed an inventory, charging himself, among other things, with the nine notes executed by him to John Proctor in June, 1879. On the 7th day of November, 1883, he filed an account current, charging himself with the appraised value of the notes. In May, 1885, he filed an amended or supplemental report, wherein he claimed a deduction from the amount of the nine notes with which he had previously charged himself, and asked that he be charged with the principal and interest of the original debt evidenced by the note which matured in January, 1865.

The trial court did not err in holding the appellant liable for the full amount of the nine promissory notes executed as the last of a series of renewals of the note due in January, 1865, and with which he had charged himself in the inventory and the reports filed by him.

When the first renewal was made, in 1865, there was a dispute as to the right of the payee of the note then due to exact payment in gold, and this dispute was adjusted by the execution of a new note. This note was several times renewed, and no question was made as to its validity and ef-

fectiveness until the filing of the supplemental report after the payee's death.

The dispute in 1879 was not as to the consideration of the note, but as to the right of the payee to require the appellant to include in the renewal note the accrued interest. Not only was there no dispute as to the consideration of the note executed in 1865, but by the execution of other notes, and in the inventory and report filed in 1883, the appellant affirmed its validity and sufficiency in the most solemn manner. The dispute as to the accrued interest was, as we have seen, finally settled in 1879 by the payee accepting nine promissory notes, thus essentially changing the character of the evidences of the indebtedness and the contract between him and his debtor. The first objection heard from the appellant was in November, 1885, more than twenty years after the first adjustment of the matters in dispute. We can perceive no ground upon which a settlement so long and so unequivocally confirmed and acted upon by the parties can be disturbed.

There was, it is to be remembered, a dispute in 1865 as to the right of John Proctor to exact payment of the note due in that year in gold coin, and the parties, after mature deliberation, settled this dispute. We can not say that the claim of John Proctor was wholly without foundation, for there was a legal question not entirely free from doubt involved in the controversy. But if we could so declare, still we could not reverse the judgment, for the settlement has been so long and so fully acquiesced in that the court can not annul the judgment of the parties and substitute its own.

The question here is not simply whether there was an inadequate money consideration, so that the case of *Schnell* v. *Nell*, 17 Ind. 29 (79 Am. Dec. 453), is without force. Here there was a dispute as to what the holder of a promissory note was entitled to demand as money, and to settle that dispute the debtor gave a new note and the creditor surrendered the old one. The claim of the creditor was that only coin was money, and that money was due him. To

escape payment in what the creditor insisted was money, the debtor agreed upon the sum evidenced by the note executed in lieu of the one given prior to the year 1865. There was, therefore, something more than a mere money consideration, for there was a settlement of a disputed question.

The parties agreed upon the consideration, and through a long series of years confirmed, by repeated acts, their original judgment that it was valid and adequate. In ordinary cases the rule is, that where a party gets all he bargained for, the courts will not substitute their judgment for his. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16), and cases cited. With great force that rule applies here.

If the claim of John Proctor, urged in 1865, was utterly groundless, there would. be much more strength in appellant's position; but even if groundless, we think it clear that, after so long a period of acquiescence, evidenced by such potent and unequivocal acts, the appellant is not in a situation to impeach the consideration agreed upon in the contract of 1865. What he accepted as valid in 1865 he ought not to denounce as insufficient in 1885. In view, however, of the conflicting decisions upon the question whether the holder of a promissory note executed in 1865 was then entitled to demand coin, it can not be said that the claim of John Proctor was wholly without foundation. *Bronson* v. *Rodes*, 7 Wall. 229; *Hepburn* v. *Griswold*, 8 Wall. 603; *Legal Tender Cases*, 12 Wall. 457; *Willard* v. *Tayloe*, 8 Wall. 557.

The finding is silent as to when the first note was executed by the appellant; for all that appears is, that, in 1865, a note was executed in renewal of a note that had been given at a prior date, and in favor of the trial court it would be presumed, if necessary, that the first note was executed before the adoption of the legal tender act, and this would bring the case fully within the rule as it existed until *Hepburn* v. *Griswold, supra,* was overruled.

The burden was on the appellant to relieve himself from the promise contained in his note, and it was, therefore, in-

cumbent upon him to establish all the facts essential to the defence of want or failure of consideration.

Judgment affirmed.

MITCHELL, C. J., did not take any part in the decision of this case.

Filed Jan. 26, 1888; petition for a rehearing overruled March 28, 1888.