Colt *et al.*, Executors, *v.* McConnell *et al.*

No. 12,134.

COLT ET AL., EXECUTORS, *v.* McCONNELL ET AL.

MORTGAGE.—*Consideration.—Contract.—Care and Attention.*—V., being in ill health, was much at the house of Mrs. M., and at his request was nursed and cared for by her. In return for the services rendered and the kindness shown him he often promised her that, as a just compensation, he would, as soon as his father—who was aged and very wealthy, and from whom he had great expectations—should die, pay Mrs. M. a sufficient sum of money to remove all encumbrances from her homestead. After the death of his father, V. paid to Mrs. M. the amount required to remove the encumbrances from her property, declaring that he intended it as a compensation for her services and kindness to him. Fearing that she might again encumber the property at the request of her husband or others, and to prevent that from being done, V. proposed that a mortgage be executed to him for the amount paid, promising to release it when thought best, and to provide in his will for its cancellation, in case of his death. The mortgage was executed accordingly, but V. died without having released it or provided for its cancellation. Suit by his executors to foreclose the mortgage.
*Held*, that the mortgage is without consideration and can not be enforced, as the sum paid Mrs. M. was not a loan, but was the compensation for her care and services, as fixed by the valid and executed contract of the parties.

SAME.—*Judgment of Parties as to Consideration.— When Conclusive Upon Courts.*—Where the thing agreed upon as the consideration for a contract has no determinate money value, the judgment of the parties as to the sufficiency of the consideration will not be disturbed or annulled by the courts.

SAME.—*Parol Evidence.— Conduct, Declarations and Admissions.*—Parol testimony is competent to show the consideration of a mortgage, and evidence of the conduct and declarations of the parties in the course of their negotiations, and also the admissions of the mortgagee, are admissible.

SAME.—*Attorney and Client.—Privileged Communications.*—Where both parties are present, declarations to an attorney are not privileged communications.

BILL OF EXCEPTIONS.—*Long-Hand Report of Evidence.—Practice.*—The long-hand report of the evidence taken by the court stenographer must be brought into the record by bill of exceptions.

From the Steuben Circuit Court.

*S. Norris, J. A. Woodhull* and *W. M. Brown,* for appellants.
*J. Morris, C. H. Aldrich* and *J. M. Barrett,* for appellees.

ELLIOTT, J.—The appellants' complaint seeks the fore-
closure of a mortgage executed by George W. McConnell and
his wife, Eliza McConnell, to secure a note executed by George
W. to the appellants' testator, Cornelius Vanderbilt.

The second paragraph of the answer of Eliza McConnell
avers that " the plaintiff's testator, being in ill health and
subject to epileptic fits and other diseases, had been much at
her house, and that she, when he was so at her house, and at
his request, nursed and cared for him with the same atten-
tion and assiduity as if he had been her own son; that he
was often in such condition as to require the constant time
of herself and family; that he was in the habit of travelling
about the country, and when so travelling said testator re-
quired the constant care and attendance of one or two per-
sons, and was sometimes out of money; that, at his request
and by her procurement, her son William often attended him
in his travels, and from time to time furnished him with such
small sums of money as his immediate wants required. The
defendant further says that she and her family were, during
all said time, residing upon the land described in said com-
plaint, as a homestead to which she was greatly attached;
that, though said land equitably belonged to her, the title
thereto had been placed in Mrs. Darling, who had, as the
friend of this defendant, removed therefrom an encumbrance
of between four and five thousand dollars, and taken the title
to said land to secure the sum so advanced by her, all of
which was during all of said time well known to said testator.
And this defendant further says that the said Vanderbilt, in
his lifetime, and before the execution of said mortgage, ap-
preciating her care for and great kindness toward him, often
promised her that, as a just compensation for said services
and kindness, he would, as soon as his father, who possessed
great wealth, and from whom said testator had great expec-

tations, and who was then very aged and infirm, departed this life, pay to her a sufficient sum to remove all encumbrance upon her said homestead and secure the same to her as her own, and as a homestead for her declining years, so that she could forever hold the same free from the claims of the creditors of her husband; that shortly before the execution of the said mortgage the said Vanderbilt, being then in life, came to her house, his father shortly before that having died, and he having received from his father's estate over a million dollars, and proposed to relieve and make good his promises to her so made, as hereinbefore stated, by paying to her the sum of six thousand five hundred dollars, the amount required to remove the encumbrances on her said homestead, and place the same in a reasonably fit condition for use and occupancy; that he declared that he intended said sum as a compensation for said services and kindness rendered him by this defendant, as hereinbefore stated; that thereupon the said Vanderbilt paid her said sum, with which her said homestead was disencumbered and the title reconveyed to her; that the said testator then expressed fears that she might, through the persuasion of her husband, and to oblige him, again encumber said property as she had before done, and that to prevent anything of the kind she had better convey it to him in trust for her, or execute to him a mortgage upon the same, of six thousand five hundred dollars, which he would at any time when thought best release, and that he would provide by his will for its cancellation, in case of his death; that she thought that it would protect her against the importunities of her husband and his creditors to execute a mortgage as proposed, and having the utmost confidence in the good intentions of said Vanderbilt and his kindly feelings toward her, she agreed at once to execute such a mortgage; that to give apparent force and validity to said mortgage, it was proposed that her husband and co-defendant should execute his note for said sum, and that the mortgage should be so drawn as to purport to secure said note; that

thereupon she and her husband executed the mortgage in said complaint mentioned for the purpose and upon the conditions herein stated, and for no other consideration whatever. Hence she says that the said mortgage was, and is, without consideration, and void as to her."

We hold, as did the trial court, that this answer states a defence to the cause of action declared on.

It is a familiar rule that the consideration of a mortgage or deed may be proved by parol. It is an equally familiar rule that a mortgage executed without consideration can not be enforced. This mortgage is not, according to the averments of the answer, supported by any consideration.

The agreement between Mrs. McConnell and Mr. Vanderbilt that he would pay her for her care, services, and attention six thousand five hundred dollars, is supported by a sufficient consideration. Where, as here, the thing agreed upon as the consideration has no determinate money value, the judgment of the parties as to the sufficiency of the consideration will not be disturbed or annulled by the courts. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. Rep. 16); *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264; *Johnson* v. *Moore*, 112 Ind. 91; *Price* v. *Jones*, 105 Ind. 543; *Scott* v. *Scott*, 105 Ind. 584; *Proctor* v. *Heaton*, 114 Ind. 250, op. p. 253.

In *Price* v. *Jones, supra, Earl* v. *Peck*, 64 N. Y. 596, and *Cowee* v. *Cornell*, 75 N. Y. 91, the rule we have stated was applied to cases in all their essential features the same as that before us for judgment. The contract between Mrs. McConnell and Mr. Vanderbilt, therefore, made her own, as fully as it was possible for any contract to do, the sum represented by the note and mortgage sued on, and, as she was of perfect right entitled to the sum, it follows, as clearly as effect follows cause, that there is no consideration for the instruments on which the complaint is founded. The sum she received was not borrowed, but was her own by virtue of her contract. For the mortgage there was absolutely no consideration, as the sum paid her was by the contract of the

parties fixed as the value of her care and services. What she received, to put the same proposition in another form of words, was pay for her services and care, not for money advanced or loaned to her.

The consideration was not past or executed. She was rendering continuous services, and for these the testator promised her compensation, and, in fulfilment of that promise, paid her six thousand five hundred dollars. The contract was, therefore, not an executory agreement, but an executed one. It was executed by the payment of the sum agreed upon, and no longer remained executory. According to the confessed allegations of the answer, the agreement, out of which sprang the mortgage, was not made until after the consummation of the original contract which vested the money agreed to be paid for her services absolutely in her. It thus appears that the sum she received was upon the contract, and that it was paid in execution of that contract. It further appears, we may add, that the mortgage was not executed to secure the sum paid to Mrs. McConnell, but for an entirely different purpose, that of securing to her the property and protecting her against future importunities of her husband.

The facts pleaded do not impeach the conveying properties of the mortgage; they simply impeach its consideration. The theory of the pleading is, that the mortgage is without consideration, and, therefore, ineffective. This theory is sound. There is nothing in *Bever* v. *North*, 107 Ind. 544, that conflicts with this doctrine. It is expressly declared in that case that a deed or mortgage may be shown to be without consideration, and the cases of *Hays* v. *Peck*, 107 Ind. 389, *McDill* v. *Gunn*, 43 Ind. 315, *Carver* v. *Louthain*, 38 Ind. 530, *Pitman* v. *Conner*, 27 Ind. 337, and *Allen* v. *Lee*, 1 Ind. 58, were fully approved. What was decided in *Bever* v. *North*, *supra*, is, that while a party may impeach the consideration of a deed, he can not, where there is a consideration, destroy its qualities as a conveyance by parol evidence.

It was said in that case, after declaring that the consideration might be impeached, that "But the exception to the general rule does not permit the introduction of parol evidence to defeat the operation of the deed by rendering nugatory the words of conveyance which it contains, and a grantor can not, under the guise of proving the consideration of a deed, prove that it was not to operate as a conveyance." The case commented on does not, it is evident, support the appellants; on the contrary, it is against them, for it affirms quite as strongly as any of our cases, that a deed or mortgage may be shown to be without consideration.

The contention that there was, upon the facts pleaded, an incomplete gift can not prevail. There was a contract, services were rendered under it, and the contract was executed by the payment of the agreed compensation. There was neither a trust nor a gift. There was a contract and performance. No one, of course, doubts that an incomplete gift may be revoked; but the argument founded on this rudimental doctrine is radically unsound, for it rests upon an illegitimate assumption, neither proved nor susceptible of proof, and that assumption is that the transaction was in the nature of a gift.

The cases of *Sherman* v. *Sherman*, 3 Ind. 337, and *Denman* v. *McMahin*, 37 Ind. 241, have not the remotest application to this case. The money, we are forced by the course of the argument to repeat, was paid for the services rendered under the contract; that contract was neither abandoned nor rescinded, but, on the contrary, was carried into execution, and the mortgage was not executed to secure the money paid Mrs. McConnell.

The fallacy of counsel is in assuming that there was no executed contract preceding the mortgage, and this fallacious assumption pervades and poisons their entire argument. They assume without right that the consideration of the mortgage was this money, whereas the consideration for the money was the services rendered by Mrs. McConnell, and as those ser-

vices were the equivalent of the money, not a penny remained to constitute a consideration for the mortgage.

It results from the principles we have already stated that parol testimony was competent to show the consideration of the mortgage. In showing what the real consideration was, it was proper to prove the details of the transactions between the parties, and the attendant circumstances. This proof could not be made without giving evidence of the conduct and declarations of the parties, and these were, therefore, competent.

Of course we do not mean to say that declarations of Mrs. McConnell, made in the absence of the testator, and not forming part of the thing done, were competent; but we do hold that where they formed part of the transaction between the parties, no matter at what point they were made, they were admissible. Where there is a series of transactions, bound together and resulting in one consummated contract, all that is said and done by the parties in the course of their negotiations, and as part of the consummated agreement, are competent in all cases where they are relevant and affect the question of consideration. If this were not the rule, the true consideration of an instrument could very seldom be ascertained.

It was clearly competent to prove the admissions of Vanderbilt. If those admissions tended to show, as they did, that the consideration of the mortgage was not the money placed in the hands of Mrs. McConnell, they were relevant and material, notwithstanding the fact that they may have contradicted the recitals of the mortgage. They were not rendered incompetent, for they were relevant to the question of consideration, although they tended to prove that the mortgage did not secure the debt it purported to secure. If, in fact, the mortgage was not executed upon that consideration, but for a different purpose, and without consideration, Mrs. McConnell had a right to prove it, notwithstanding the recitals of that instrument.

Where both parties are present, declarations to an attorney are not privileged communications. *Hanlon* v. *Doherty*, 109 Ind. 37, *vide* op., p. 43; *Weeks* v. *Argent*, 16 M. & W. 817; *Dunn* v. *Amos*, 14 Wis. 106; *Mobile, etc., R. R. Co.* v. *Yeates*, 67 Ala. 164; *Gulick* v. *Gulick*, 39 N. J. Eq. 516; *Whiting* v. *Barney*, 30 N. Y. 330; *Hebbard* v. *Haughian*, 70 N. Y. 54; 1 Whart. Ev., section 587.

We have decided as many of the questions as we can with propriety consider in the condition in which the record comes to us—we have, indeed, probably decided more—for the evidence is not properly in the record. The paper purporting to contain the evidence has no caption, and it is thus authenticated:

" I hereby certify that the foregoing is a true, complete and correct transcript of the evidence in the case of Colt *v.* McConnell, as taken from my short-hand notes.

" FRANK B. SLATTNER, Reporter.

Attest: R. WES. McBRIDE, Judge."

The evidence is, it is very clear, not brought into the record in the method the law requires. *Wagoner* v. *Wilson*, 108 Ind. 210; *Stone* v. *Brown*, *ante*, p. 78.

Although we have probably discussed more of the questions arising on the trial than it was strictly proper for us to do, the appellants, at all events, can not complain.

Judgment affirmed.

Filed Dec. 12, 1888.