## CATES *v.* SEAGRAVES.

[No. 8,388.    Filed June 11, 1914.]

1.  CONTRACTS.—*Consideration.—Detriment to Promisee.*—Though nothing of value is given to an obligor, there is a sufficient consideration to support his promise to pay, if there be any damage, inconvenience or detriment to the promisee. p. 488.
2.  CONTRACTS.—*Consideration.*—In the absence of fraud or deception, one who voluntarily enters into a contract for a consideration, and receives all he contracts for, can not be relieved on the ground of a want of consideration. p. 488.
3.  CONTRACTS.—*Consideration.—Sufficiency.*—Where the consideration is of such character as to require the exercise of judgment to determine its value, and the parties, uninfluenced by fraud or deception, have determined its sufficiency, the courts will not review the decision. p. 488.
4.  MORTGAGES.—*Consideration.*—Where a wife, just prior to her death, executed a deed conveying her land to her husband and daughter, in which the husband joined, his joining in the execution of the deed was a sufficient consideration for a note and mortgage for $1,400 payable to him executed by the daughter on the same day at his request and as a part of the same transaction, in the absence of any showing of fraud or mistake. p. 489.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by Tarver Seagraves against Laura L. Cates and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charlton Bull* and *Herron & Byers,* for appellants.
*Bell, Kirkpatrick & Voorhis,* for appellee.

FELT, C. J.—Suit by appellee against appellants to fore-close a mortgage on real estate. The complaint was an-swered by a general denial and a plea of no consideration.

Appellant, Laura L. Cates, filed a cross-complaint against appellee to quiet title to the real estate upon which fore-closure was sought. Appellee filed a general denial to the cross-complaint and a reply in general denial to the answer of no consideration. Trial by court resulted in a finding for appellee upon the complaint, and against appellant, Laura L. Cates, on her cross-complaint. Judgment was ren-dered accordingly upon the notes and mortgage for $1,400 principal and $475 accrued interest and for $50 attorney fees.

A new trial was asked on the ground that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law. The overruling of this motion is the error assigned and relied on for reversal.

The only question presented by appellants' briefs is that there is no consideration for the notes secured by the mort-gage upon which judgment was rendered. The evidence shows that appellee is the father of appellant, Laura L. Cates, and that Elmer Cates is her husband; that the real estate in controversy was formerly owned by the wife of appellee, the mother of Laura L. Cates; that appellee's wife was in failing health and shortly before her death expressed a desire to convey the real estate to her husband and daugh-ter, and on May 28, 1906, about a week before her death, executed a deed for the real estate to Laura L. Cates in which her husband, appellee, joined; that on the same day at the request of appellee, the notes and mortgage in suit were executed; that the mortgage provides "that if any part of the debt, principal or interest, or the taxes should become due and remain due for twenty days, at any time, the whole sum should then become due and be collectible at

the option of the mortgagee.'' The deed to Laura L. Cates was made subject to all taxes, assessments and liens of every nature whatsoever. It was also shown that there was another mortgage on the real estate for $400; that appellants had not paid any interest or taxes, nor any part of said mortgage indebtedness; that appellee joined in the execution of said deed for the ''mortgage and notes''; that he had paid the interest on the $400 mortgage and the taxes during the six years following the execution of said deed and mortgage; that this suit was begun on January 6, 1912.

The question presented is not one of failure of consideration in whole or in part, but of a total want of consideration for the execution of the notes and mortgage. If said notes and mortgage were executed for any consideration recognized by the law as sufficient to sustain a promise to pay, the contention of appellants can not be sustained. There may be a sufficient consideration to support a promise to pay without the payee actually giving anything of value to the obligor, for it will be sufficient if there be any damage, inconvenience or detriment to the promisee, though no actual benefit to the promisor. Where a party voluntarily and without fraud or deception enters into a contract for a consideration and receives all he contracts for, he can not be relieved on the ground of a want of consideration. Where the consideration is of such a character that it requires the exercise of judgment to determine its value, and the parties uninfluenced by fraud or deception have determined its sufficiency, the courts will not review their decision. *Mullen* v. *Hawkins* (1895), 141 Ind. 363, 366, 40 N. E. 797; *Wolford* v. *Powers* (1882), 85 Ind. 294, 301, 44 Am. Rep. 16; *Shade* v. *Creviston* (1884), 93 Ind. 591, 594; *Williamson* v. *Hitner* (1881), 79 Ind. 233, 234; *Abelman* v. *Haehnel* (1914), 57 Ind. App. —, 103 N. E. 869; *Druckamiller* v. *Coy* (1908), 42 Ind. App. 500, 505, 85 N. E. 1028. The mortgage and the deed were executed

simultaneously and as a part of the same transaction. The wife could not convey the land without her husband joining in the conveyance. If the
conveyance had not been made appellee would have inherited
an interest in the real estate from his wife, whose death was
contemplated at the time the deed was executed. There is
no charge of fraud or mutual mistake in the execution of the
notes and mortgage and it is shown that the notes were past
due and that appellants had not only failed to pay them,
but had failed to pay taxes and interest, according to the
provisions of the mortgage and that the same had been paid
by appellee. There is evidence to show consideration and
we can not therefore say that the decision of the court is
contrary to law, or that it is not sustained by sufficient evidence. Judgment affirmed.

NOTE.—Reported in 105 N. E. 594. As to failure of consideration as defense to action to enforce a contract see 13 Am. Dec. 378.
See, also, under (1) 9 Cyc. 311; (2) 9 Cyc. 365, 311; (3) 9 Cyc.
365; (4) 27 Cyc. 1050.