## BRETZ ET UX. *v.* MOENKHAUS.

[No. 13,798.   Filed January 10, 1930.]

*R. W. Armstrong*, for appellants.

*Leo H. Fisher* and *E. W. Wood*, for appellee.

NICHOLS, J.—Action by appellee against appellants on a note for $10,000, dated at Huntington, Indiana, on March 25, 1922, due one year after date, with interest at six per cent per annum from date, and attorney's fees, to secure the payment of which appellants executed a certain mortgage upon certain real estate, which mortgage, appellee by his suit seeks to foreclose.

After issues were formed, the cause was tried by the court and a judgment was rendered for the amount due

upon said note, and foreclosing said mortgage on said real estate, and ordering that the real estate therein described be sold to satisfy said judgment. Appellants' motion for a new trial was overruled and this appeal followed. The error assigned is the court's action in overruling appellants' motion for a new trial, under which the substantial question which appellants undertake to present is as to whether there was any consideration for the note and mortgage in suit.

We have to say that the evidence, as presented by appellants' brief, is most confusing, but, as we understand the facts therefrom, appellee and appellant William C. Bretz were stockholders and directors in a certain corporation known as "the C. W. Jean Company," which became financially embarrassed. In order to relieve the situation, the stockholders borrowed money individually which they furnished to the company. Appellee and appellant W. C. Bretz borrowed $20,000, $10,000 of which was from an Evansville bank, for which they executed their note as joint makers, and $10,000 from an Indianapolis bank, for which they executed their note as joint makers. There is some evidence that appellant W. C. Bretz was surety on the Indianapolis note, and that appellee was surety on the Evansville note, but, in any event, the result is the same.

After appellee had paid off the Indianapolis note, and after he had taken up the last renewal note at the Evansville bank, the renewal notes being executed by appellee and W. C. Bretz as joint makers, with his mortgage, without the aid or assistance of Bretz, it is clear that Bretz thereby became, in equity and in law, liable as a co-obligor on this joint paper for one-half of the $20,000 paid out by appellee, and, as such joint obligor, and so recognizing his obligation, he executed the note in suit for this one-half and an addition of $600 interest, totaling $10,600, to appellee, and he and his wife executed a

second mortgage on their farm to secure the payment thereof.

The law under such circumstances is so plain that we deem it unnecessary to discuss it further; nor do we need to cite authorities.

Affirmed.