CROWLEY ET AL. *v.* FIRST-MERCHANTS NATIONAL BANK OF LAFAYETTE ET AL.

[No. 16,770. Filed May 9, 1942. Rehearing denied June 17, 1942. Transfer denied September 18, 1942.]

*Walter Myers, Donald L. Smith,* and *Walter Myers, Jr.,* all of Indianapolis, *Crumpacker & Friedrich* and *Jay E. Darlington,* all of Hammond, and *Fraser & Isham,* of Fowler, for appellants.

*Vint D. Vaughan* and *Charles L. Vaughan,* both of Lafayette, for appellees.

STEVENSON, J.—The appellee First-Merchants National Bank of Lafayette, a corporation, brought this action against the Morocco Realty Corporation, Murdock Realty Company, and Lloyd Williamson to foreclose a mortgage on certain real estate located in Newton County, Indiana, owned by the Morocco Realty Corporation; and to enforce a contract of guaranty, under which the Murdock Realty Company undertook to guarantee the payment of the mortgage debt.

The complaint alleged that on the 31st day of December, 1930, the Morocco Realty Corporation executed its note in the sum of $26,130.00 for borrowed money, payable two years after date. This note was secured by a mortgage executed by the Morocco Realty Corporation on certain real estate therein described, located in Newton County, Indiana, which mortgage was dated February 11, 1931.

The complaint further alleged that, as further security for the payment of this obligation, the Murdock Realty Company on the 14th day of May, 1931, executed a written guaranty, by which the Murdock Realty Company guaranteed to the First-Merchants National Bank of Lafayette the prompt payment of the principal and interest of this note executed by the Morocco Realty Corporation on the 31st day of December, 1930.

The complaint alleged that this obligation was long past due and unpaid, and prayed judgment against the parties; and asked that the mortgage be foreclosed and a receiver be appointed to take charge of the real estate pending the year of redemption. A receiver was appointed pending the litigation. Before the trial of this cause, P. Edward Fardy filed his petition asking to intervene in this case as a minority stockholder in the Murdock Realty Company. This petition to intervene was granted, and the said P. Edward Fardy was made a party defendant.

The said Fardy then filed an answer, in the first paragraph of which he alleged that he was a minority stockholder in the Murdock Realty Company, and, as such, was asserting a defense in his derivative capacity for the Murdock Realty Company. The answer alleged that the Murdock Realty Company was controlled by a board of directors, consisting of Charles L. Murdock, his sister, Mary L. O'Hearn, and one F. D. Hollensbe, who owned a qualifying share of stock. He further alleged that the Murdock Realty Company had no interest in the real estate owned by the Morocco Realty Corporation; was not obligated in any way to pay the mortgage debt; and received no consideration for the execution of the contract of guaranty. The petition alleged that the execution of said guaranty by Charles L. Murdock for and on behalf of the Murdock Realty

Company was unauthorized and in violation of the duty which Charles L. Murdock owed to the Murdock Realty Company and its stockholders; a second paragraph of answer alleged that said guaranty was *ultra vires,* illegal and not binding upon said company.

To these paragraphs of answer filed by the appellant, the appellee First-Merchants National Bank of Lafayette filed two paragraphs of reply. The first paragraph of reply challenges the right of Fardy to set up a defense for the corporation because of his failure to have his stock transferred on the corporate books. The second paragraph of reply purports to plead laches against the said Fardy.

The case was submitted to a court for trial without a jury, and, at the close of the evidence, the court found against the mortgagor, Morocco Realty Corporation, on its note in the sum of $38,988.01 for principal, interest and taxes, plus $2,000.00 for the plaintiff's attorney. The court further found that the guaranty executed by the Murdock Realty Company was a valid and legal instrument, and that the latter corporation was liable to the payment of the principal and interest on said debt, in the event the same cannot be collected from the Morocco Realty Corporation, the mortgagor. The court further found that the petitioner, P. Edward Fardy, should take nothing under his intervening petition, and that his petition should be denied.

A motion for new trial was filed and overruled, and this appeal has been perfected. Fardy having died in the meantime, the court substituted his administrator as a party herein.

The error assigned in this court is the alleged error in overruling the appellants' motion for a new trial. Under this assignment of error, the appellants contend, first, that the record shows no consideration received

by the Murdock Realty Company for executing this written guaranty.

On this question, the record discloses that on December 18, 1925, the Newton County Land Company executed to the First-Merchants National Bank of Lafayette a mortgage on the real estate in question, to secure the payment of its note in the principal sum of $21,600.00, due December 31, 1930. On February 21, 1928, the Newton County Land Company executed to the First-Merchants National Bank of Lafayette a mortgage on the real estate in question to secure a note dated December 31, 1927, in the principal sum of $26,130.00, due five years after date. On May 18, 1929, the Newton County Land Company executed a deed to the Murdock Realty Company to the real estate in question, which conveyance was made subject to the balance of the principal of $26,130.00 of a certain mortgage to the First-Merchants National Bank of Lafayette.

On or prior to the 10th day of December, 1930, the Morocco Realty Corporation was organized, and at the first meeting of the directors, held on that date, the Murdock Realty Company offered to convey to the Morocco Realty Corporation the Newton County farm, subject to the mortgage of $26,130.00, in return for 197 shares of stock in the Morocco Realty Corporation. This proposition was accepted, and the Murdock Realty Company executed and delivered a quitclaim deed to the corporation for the real estate in question. At this meeting, Charles L. Murdock was elected a director to succeed a Mr. Stuart, and Mary L. O'Hearn was elected a director to succeed another director, thereupon the stock in the Morocco Realty Corporation was issued. The record does not disclose to whom this stock was issued, but it was stipulated that, at the time of the execution of the mortgage in suit, Charles L. Murdock

and Mary L. O'Hearn were the owners of all the stock in the Morocco Realty Corporation, save and except the one share of qualifying stock owned and held by the third director. The only asset of the corporation was the Newton County Farm.

The record further discloses that the reason for the creation of the Morocco Realty Corporation was the fact that in the dissolution of the Newton County Land Company the 720 acres of land was to be transferred to Charles L. Murdock and Mary L. O'Hearn, as their part of the assets in such corporation. These individuals could not refinance the mortgage on this land through the First-Merchants National Bank of Lafayette because of their personal indebtedness to said bank. Neither could the Murdock Realty Company refinance the mortgage on this real estate because this company had borrowed all that it was possible for one borrower to obtain from the bank. The Morocco Realty Corporation was accordingly created and vested with title to the real estate in question, in order that it could refinance with the First-Merchants National Bank of Lafayette this mortgage debt. This mortgage was accordingly executed by the Morocco Realty Corporation on February 11, 1931, to secure the payment of the note dated December 31, 1930. The contract by which the Murdock Realty Company undertook to guarantee to the First-Merchants National Bank of Lafayette prompt payment of this obligation was not executed until the 14th day of May, 1931. The appellee contends that the consideration for the execution of this contract of guaranty is afforded by the fact that the Murdock Realty Company was thus enabled to refinance the mortgage debt of the Morocco Realty Corporation, whose stock was owned by Charles L. Murdock, Mary L. O'Hearn and the third director,

The facts as disclosed by the record, however, do not support this contention. The Murdock Realty Company conveyed this land by quitclaim deed to the Morocco Realty Corporation, and, so far as the record discloses, received nothing of value in return therefor. The Morocco Realty Corporation executed this note and mortgage as a renewal of the then existing debt to the First-Merchants National Bank of Lafayette. The Murdock Realty Company received none of the proceeds of this loan, and, at the time the mortgage was executed, the stock in the Morocco Realty Corporation was owned entirely by Charles L. Murdock, his sister, Mrs. O'Hearn, and a third director who owned one qualifying share The Murdock Realty Company had no interest in this land, nor in the Morocco Realty Corporation. It follows, therefore, that no consideration flowed to the Murdock Realty Company in return for their promise by which it guaranteed the payment of this mortgage debt.

The appellant next contends, and we think it is equally clear, that such contract was *ultra vires.* "The proposition is well supported by authority that it is ultra vires of a corporation to enter into contracts of guaranty or suretyship not in furtherance of its business, unless given express authority to do so." 13 Am. Jur., Corporations, § 819, p. 827. *First-Merchants Nat. Bank & Trust Co.* v. *Murdock R. Co.* (1942), 111 Ind. App. 226, 39 N. E. (2d) 507.

A reference to the articles of incorporation of the Murdock Realty Company discloses that the business for which the corporation was organized "shall be the general business of buying, selling, owning, and leasing real estate, and all matters connected therewith or incident thereto." It is apparent that this provision

is not sufficiently broad in scope to authorize the execution of contracts of guaranty.

In the case of *Ward* v. *Joslin* (1902), 186 U. S. 142, 149, 46 L. Ed. 1093, the court had before it the authority of a company organized " 'for the purpose of transacting a general investment loan and trust business, buying and selling commercial paper, obligations and securities,' " to execute a contract of guaranty. The court said, that in the absence of express authority so to do,

> "it must be assumed that the general rule is applicable that such companies have no implied power to lend their credit, or to bind themselves by accommodation endorsements. They may guarantee paper owned by them, or paper which they negotiate in due course of business and the proceeds of which they receive, but the naked power to guarantee the paper of one third party to another is not incidental to the powers ordinarily exercised by them. The power as exercised here was certainly not 'essential to the transaction of its ordinary affairs,' nor within 'the legitimate objects of its creation.' "

The power of a corporation to guarantee obligations is discussed in the case of *Bowman Lumber Co.* v. *Pierson* (1920), 110 Tex. 543, 545, 221 S. W. 930, 11 A. L. R. 547. The court said:

> "Every corporation is created with certain express powers. Being endowed with these express powers, it has the implied power to do whatever is necessary or reasonably appropriate to their exercise. It has, in a word, the authority to do whatever will legitimately effect the express purposes of its creation. A corporation formed for the prosecution of a business may foster that business by necessary or appropriate means—those means which are direct, in their nature related to the objects of the corporation, and by whose employment those objects will be directly furthered. Un-

der the pretense of fostering its own business, or even for that avowed purpose, it cannot, however, entangle itself in engagements or enterprises not necessary or reasonably appropriate to the advancement of its interests, from which it will receive only an indirect or remote benefit, if any, and with which therefore, as tested by its charter powers and their objects, it can have no true concern."

The same rule was announced by the Supreme Court of Illinois in the case of *Best Brewing Co.* v. *Klassen* (1900), 185 Ill. 37, 41, 57 N. E. 20, 21, wherein the court said:

" 'It is no part of the ordinary business of commercial corporations, and, *a fortiori*, still less so of non-commercial corporations, to become surety for others. Under ordinary circumstances, without positive authority in this behalf in the grant of corporate power, all engagements of this description are *ultra vires*, whether in the indirect form of going on accommodation bills or otherwise becoming liable for the debts of others.' "

The Supreme Court of Massachusetts announced this same rule in the case of *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works* (1927), 258 Mass. 453, 455, 155 N. E. 422. The court said:

"In Massachusetts an ordinary business corporation cannot become surety for another corporation or an individual in a matter not connected with the purposes for which it was created, and for which the corporation has received nothing in money or property; and a guaranty in such a matter is held to be the exercise of a power not conferred, even though certain benefits to the corporation were expected to result from the transaction and the other party has incurred expenses on the faith of the guaranty."

Measured by these rules, it is our opinion that the Murdock Realty Company had no power or authority

to guarantee the obligation and debts of the ■ Morocco Realty Corporation. In its last analysis, the owners of the stock in the Morocco Realty Corporation endeavored to bind the Murdock Realty Company to the payment of an obligation in which they alone were personally interested. Such contract is clearly beyond the corporate powers and one which the corporate officers have no authority to make. *First-Merchants Nat. Bank & Trust Co.* v. *Murdock R. Co., supra.*

The appellees contend, however, that the appellant Fardy has failed to show such an interest in this proceeding as entitles him to intervene and defend for and on behalf of the corporation. On this phase of the case, the facts are in all respects similar to the facts disclosed in the case of the *First-Merchants Nat. Bank & Trust Co.* v. *Murdock R. Co., supra.* On the authority of this case, and for the reasons therein stated, we hold that the appellant here has such an interest in the subject-matter of this litigation as entitles him to intervene for and on behalf of the corporation.

The court was accordingly in error in finding and adjudging that the appellant Fardy should take nothing on his intervening petition. For this reason, the trial court was in error in overruling the appellants' motion for a new trial.

The appellees contend that this court has no jurisdiction over this appeal, for the reason that no judgment was rendered against the above named Lloyd Williamson. The appellees contend that, until a final judgment has been rendered in the court as to all parties, the judgment is not final, and no appeal will lie therefrom.

The record discloses that the above named Lloyd Williamson was made a party in the original fore-

closure proceeding to answer as to any interest that he might claim in the real estate described. Summons was personally served upon the appellee Williamson, and no further record of any kind was made. He did not appear in person or by attorney, filed no answer, and his name nowhere appears in the proceeding had or the judgment rendered.

Generally speaking, persons who are parties to the record, but not parties to the judgment, are not required to be made parties on appeal, or to be served with notice. As this court has said:

". . . appellant was not required to make his co-defendants in the court below co-appellants in this court, for the reason that they were not co-parties in the judgment from which the appeals were taken; nor will the affirmance or reversal of said judgments affect their rights. It is immaterial, therefore, whether this is a term time or vacation appeal, as in either case appellant was not required to make any co-defendant in the court below co-appellant in this court." *Lowe* v. *Turpie* (1897), 147 Ind. 652, 692, 693, 47 N. E. 150.

See also *Mishawaka St. Joseph L. & T. Co.* v. *Neu, Gdn.* (1936), 209 Ind. 433, 196 N. E. 85.

It is apparent from the record that the said Lloyd Williamson has no interest whatever in this judgment, and tendered no issue to the trial court which remains undisposed of. The judgment is final as to all parties named therein, and this court accordingly has jurisdiction to dispose of this appeal.

It is apparent from the record, however, that the First-Merchants National Bank of Lafayette was and is entitled in law to a judgment against the Morocco Realty Corporation in the amount fixed, and is further entitled to a decree of foreclosure against the real estate in question.

The judgment of the lower court is accordingly affirmed as against the Morocco Realty Corporation, and the trial court is instructed to eliminate from its decree that portion which seeks to bind the Murdock Realty Company on its contract of guaranty, and to enter judgment in favor of the appellant and the Murdock Realty Company.

Judgment as to the appellants is reversed, with instructions to the trial court to modify its judgment and decree in accordance with this opinion.

Flanagan, J., not participating.

NOTE.—Reported in 41 N. E. (2d) 669.